UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>PREETRANJAN SAHOTA, et al.,<br><br>Defendants. | No. 2:18-cv-3099 MCE DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and an extension of time.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of

1

counsel. Plaintiff argues that his difficulties in obtaining copies from the prison library are grounds for the appointment of counsel. Plaintiff's difficulties in obtaining copies can be addressed by granting him extensions of time. Therefore, this court does not find the required exceptional circumstances.

Plaintiff has also requested a second extension of time to file exhibits to his opposition. The court notes that plaintiff refers to the document he needs to file as either a "motion" or an "opposition." However, the motion currently before the court is defendants' motion to dismiss. Plaintiff's opposition to that motion was filed on December 2, 2019. In an order filed December 6, this court gave plaintiff additional time to file exhibits to his opposition. Plaintiff has demonstrated that he has had difficulty collecting his exhibits and requires additional time to submit them. Plaintiff has shown good cause for an additional extension of time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 51) is denied;

2. Plaintiff's motion for an extension of time (ECF No. 51) is granted; and

3. Plaintiff is granted thirty days from the date of this order to file exhibits to his opposition. Any reply shall be filed and served in accordance with Local Rule 230(l).

Dated: January 3, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/lear3099.31+36

2