UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>PREETRANJAN SAHOTA, et al.,<br><br>Defendants. | No. 2:18-cv-3099 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights when they used excessive force and when they disregarded his serious medical needs. In addition, plaintiff alleges a violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Before the court are: (1) the motion of defendants Advincula, Cross, Porter, and Vela to dismiss plaintiff's Eighth Amendment excessive force claim on the grounds that it is barred by Heck v. Humphrey; and (2) plaintiff's motion for discovery. For the reasons set forth below, this court will recommend the motion to dismiss be denied and will deny plaintiff's motion.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on November 30, 2018. (ECF No. 1.) On screening, this court found the following:

1

1. Plaintiff claimed that defendants Sahota, Uddin, and Buckman knew plaintiff had mobility problems but refused to provide him with housing accommodations or mobility assistance devices. This court found these allegations stated cognizable claims for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

2. Plaintiff claimed defendants Vela, Cross, Porter, and Advincula used excessive force when they forced plaintiff to the ground, struck him in the face, and forced his left arm behind his back. This court found these allegations sufficient to state a cognizable Eighth Amendment claim against these four defendants.

3. Plaintiff claimed that California State Prison-Sacramento ("CSP-Sac") did not provide housing that was appropriate for plaintiff's disabilities. This court found plaintiff stated a cognizable claim against defendant CSP-Sac under the ADA and the RA.

4. With respect to plaintiff's allegations against numerous other defendants, this court found plaintiff failed to state cognizable claims against them.

(Jan. 22, 2019 Order and Findings and Recos. (ECF No. 10).)

Plaintiff chose to proceed on the claims found cognizable by this court and dismiss his remaining claims. (ECF No. 16.) On April 4, 2019, those remaining claims were dismissed from this action. (ECF No. 24.)

On October 11, 2019, defendants Advincula, Vela, Cross, and Porter filed the present motion to dismiss. (ECF No. 38.) This court granted the request of the non-moving defendants to delay filing an answer until the motion to dismiss is resolved. (ECF No. 41.) Plaintiff filed an opposition to the motion to dismiss and exhibits. (ECF Nos. 46, 53.) Defendants filed a reply. (ECF No. 56.)

On January 30, 2020, plaintiff filed a motion for discovery. (ECF No. 54.)

**MOTION TO DISMISS**

The moving defendants argue that plaintiff's claim that they used excessive force is barred from this § 1983 action by Heck v. Humphrey, 512 U.S. 477 (1994). Defendants contend that plaintiff was found guilty of a rules violation, battery on a peace officer, for the incident and that

////

he must receive a favorable termination of that rules violation through a habeas corpus proceeding before he may seek damages regarding their conduct.

**I. Legal Standards**

**A. Standard of Review on Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**B. Legal Standards for Heck Bar**

In Heck v. Humphrey, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481. A plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared

3

invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Id. at 486–87. The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." 394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

In 2016, an en banc panel of the Ninth Circuit clarified the scope of habeas actions under Heck. In Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016), the court held that where success on the merits of a prisoner's claim would not necessarily impact the fact or duration of his confinement, the claim would not fall within "the core of habeas corpus," and therefore is not appropriate in a habeas action. Nettles, 830 F.3d at 934-35. Thus, habeas jurisdiction is only established where the form of relief sought would necessarily accelerate the prisoner's release from prison, terminate his custody, or reduce his level of custody. See Skinner v. Switzer, 562 U.S. 521, 533-37 (2011).

**II. Undisputed Facts**

Plaintiff initially served a 14-year determinate sentence starting on May 17, 1994. When he completed that sentence on September 7, 2008, he began the current indeterminate sentence of 25 years to life. (Sentence Calculation Worksheets (ECF No. 38-2 at 33-39).[1]) California inmates serving indeterminate sentences are given a minimum eligible parole date ("MEPD"),

---

[1] Defendants request the court take judicial notice of the California Department of Corrections and Rehabilitation's ("CDCR") worksheets for determining plaintiff's sentence. (See ECF No. 38-2.) Plaintiff does not appear to object to that request. This court may take judicial notice of undisputed matters of public record. See Fed. R. Evid. 201(b); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Therefore, defendants' request is granted.

4

which determines the date for the prisoner's first parole hearing. Cal. Code Regs., tit. 15 § 2304; Cal. Penal Code § 3041. According to calculations made on September 17, 2019, plaintiff's MEPD was August 11, 2030. (ECF No. 38-2 at 33.)

Plaintiff received a rules violation report ("RVR") for the June 2018 incident, which he claims involved excessive force.[2] He was charged with battery on a peace officer, a violation of Cal. Code Regs. tit. 15, § 3005(d). At an RVR hearing held in late 2018, plaintiff was found guilty. (ECF No. 38-2 at 26.) He was assessed a 360-day loss of good conduct credits. (Id.)

**III. Analysis**

The Heck analysis requires this court to consider two questions. First, are the facts underlying plaintiff's excessive force claim so intertwined with the facts underlying plaintiff's disciplinary conviction that resolution of the excessive force claim would necessitate reversal of the disciplinary conviction? Second, if plaintiff's disciplinary conviction is reversed and his good time credits are restored, would that necessarily affect his sentence? If both questions are answered in the affirmative, then Heck should bar plaintiff from proceeding with his excessive force claim in this § 1983 action.

This court need not reach the first question because it finds the second question dispositive. That second question asks whether the restoration of good-time credits would necessarily affect plaintiff's sentence. The facts establish that plaintiff is serving an indeterminate sentence and does not have a parole date. According to records provided by defendants, plaintiff's MEPD was affected by the loss of good-time credits from the RVR at issue here. (See ECF No. 38-2 at 33-34.)

////

---

[2] Defendants also request the court take judicial notice of the prison records of the RVR proceedings. While this court will not take judicial notice of the factual allegations described in the RVR which are subject to reasonable dispute, the court will take judicial notice of the (1) charge that was brought against plaintiff (battery on a peace officer), (2) fact that plaintiff was found guilty, (3) identity of the victim, Officer Burke, and (4) resulting punishment, a 360-day good-time credit loss. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (although the court can take judicial notice of undisputed matters of public record, the court cannot take judicial notice of disputed facts stated in public records).

5

The restoration of these good conduct credits could advance plaintiff's MEPD. Cal. Code Regs. tit.15, § 3043.2. Even assuming that restoration would unquestionably advance the MEPD, "an earlier MEPD/initial parole hearing does not bear upon a state parole board's determination as to whether an inmate is suitable to be released on parole." Roberts v. Warden, No. EDCV 17-62 CJC(JC), 2017 WL 5956666, at *1 (C.D. Cal. Nov. 8, 2017), rep. and reco. adopted, 2017 WL 5905507 (C.D. Cal. Nov. 30, 2017). Thus, the fact that plaintiff may have a parole hearing sooner does not "necessarily" mean he will receive an earlier release on parole.

The court in Roberts noted that other district courts have similarly found that the "potential for an earlier MEPD is not sufficient to confer habeas jurisdiction." Roberts, 2017 WL 5956666, at *5 (collecting cases); see also Burton v. Foulk, No. 2:13-cv-2123 JAM DB P, 2019 WL 4673565, at *5 (E.D. Cal. Sept. 25, 2019) (same; citing Roberts), rep. and reco. adopted, 2019 WL 6008592 (E.D. Cal. Nov. 14, 2019); Burton v. Adams, No. 1:09-cv-0354 JLT HC, 2010 WL 703182, at *6-7 (E.D. Cal. Feb. 25, 2010) (also finding no habeas jurisdiction; explaining: "[A]ny credits earned on his indeterminate life sentences can only affect the ultimate establishment of a MEPD; they can have no real impact on the actual sentence eventually set for petitioner or on his eventual release date on parole, should that time ever come."), aff'd, 415 F. App'x 816 (9th Cir. 2011).

Defendants cite no authority to the contrary. They simply state that the loss of good-time credits "increased [plaintiff's] underlying prison sentence by 360 days" and restoration of those credits would "necessarily" result in a reduced sentence. (ECF No. 38-1 at 7, 8.) Defendants' first statement is simply incorrect. The loss of credits did not increase plaintiff's sentence. His sentence remains 25-years to life. Rather, the loss of credits changed plaintiff's MEPD.

Defendants' second statement is wrong as well. As described above, while the restoration of good-time credits could result in a reduced sentence because plaintiff would receive earlier parole consideration, it will not necessarily result in an earlier release date. Therefore, under Nettles, plaintiff's excessive force claim does not fall within the "core of habeas" and he is not barred by Heck from proceeding with it in this § 1983 action.

////

**MOTION FOR DISCOVERY**

Plaintiff seeks the court's permission to conduct discovery regarding the merits of his Eighth Amendment excessive force claim in order to oppose defendants' current motion to dismiss. As indicated above, the <u>Heck</u> analysis does not require an evaluation of the merits of plaintiff's excessive force claim. Moreover, discovery is not appropriate at this time. A motion to dismiss must be decided on the allegations of the complaint. <u>Outdoor Media Grp.</u>, 506 F.3d at 899. After defendants have answered the complaint, the parties will have the opportunity to conduct discovery.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for discovery (ECF No. 54) is denied.

Further, IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 38) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/lear3099.mtd fr