UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>   Plaintiff,<br><br>   v.<br><br>PREETRANJAN SAHOTA, et al.,<br><br>   Defendants. | No. 2:18-cv-3099 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights when they used excessive force and when they disregarded his serious medical needs. In addition, plaintiff alleges a violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Before the court are plaintiff's motions for sanctions and to strike. For the reasons set forth below, this court recommends both motions be denied.

**BACKGROUND**

    Plaintiff is incarcerated at California State Prison, Corcoran. He complains of conduct that occurred in 2018 when he was incarcerated at California State Prison, Sacramento. Plaintiff claims that defendants failed to provide him appropriate accommodations for his mobility problems, and that some defendants used excessive force. (See Comp. (ECF No. 1).)

////

After the court denied a motion to dismiss, defendants filed answers. (See ECF No. 61, 62.) On May 18, 2020, plaintiff filed the present motions for sanctions and to strike defendants' assertion of a qualified immunity defense. (ECF No. 64.) Plaintiff contends that defendants' answers contain false statements. He seeks to strike those statements, to have certain facts be deemed undisputed, and to sanction defendants' denial of "the most basic and undisputed facts." (ECF No. 64 at 2.) Defendants filed an opposition (ECF Nos. 65, 66) and plaintiff filed a reply (ECF No. 67).

## MOTION FOR SANCTIONS

Defendants argue that plaintiff's sanctions request is procedurally improper and is frivolous, making it grounds for sanctions itself. (ECF No. 65.) Plaintiff appears to concede that his motion may be procedurally improper. (See ECF No. 67.) However, in his reply, he reiterates his position that defendants have denied factual allegations that are not disputed.

**I. Legal Standards**

Rule 11 of the Federal Rules of Civil Procedure provides a means to seek the imposition of sanctions for improper representations made in court filings:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

////

2

Fed. R. Civ. P. 11(b). Rule 11 further provides that a court may impose sanctions upon attorneys or parties "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated...." Sanctions are appropriate: "where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir. 1987). "Rule 11 sanctions shall be assessed if the paper filed in the district court and signed by an attorney ... is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986), abrogated on other grounds, Cooter & Gell v Hartmarx Corp., 496 U.S. 384 (1990).

When evaluating whether sanctions should be imposed under Rule 11, courts conduct "a two-prong inquiry to determine (1) whether the [pleading] is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (internal citation omitted). The standard is not a high one - an allegation that has "some plausible basis, [even] a weak one," is sufficient to avoid sanctions under Rule 11. United Nat. Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1117 (9th Cir. 2001).

"A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings. The Advisory Committee Notes for Rule 11 explain that 'Rule 11 motions ... should not be employed ... to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.'" GN Resound A/S v. Callpod, Inc., No. C 11-04673 SBA, 2013 WL 5443046, at *4 (N.D. Cal. Sept. 30, 2013) (internal citation omitted). "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process." Cooter & Gell, 496 U.S. at 396.

Prior to filing a motion under Rule 11, the moving party must serve the motion on the opposing party and allow that party 21 days to withdraw or correct the challenged representations.

If the opposing party does not take action within that 21-day period, the moving party may then file the motion. Fed. R. Civ. P. 11(c)(2).

**II. Discussion**

As defendants argue, plaintiff failed to give defendants an opportunity to correct any challenged representations prior to filing the motion. On this basis alone, plaintiff's motion for sanctions should be denied. See Fed. R. Civ. P. 11(c)(2). However, even had plaintiff complied with this procedural requirement, this court also finds plaintiff's motion lacks substance. Plaintiff generally states that the defendants' answer denies "the most basic facts." Plaintiff points to four facts he claims should be deemed undisputed. (See ECF No. 64 at 2.) However, plaintiff fails to demonstrate that he, in fact, made these allegations in his complaint. Nor does he show just what defendants stated in the answer in response.

For example, plaintiff contends it is undisputed that "on 6/4/18 Sahota acknowledged that 'PT also elaborated that he fell 3-4 times the day he saw NSG at SJG on 5/21/18.'" To the extent plaintiff is contending defendant Sahota improperly denied that allegation, plaintiff fails to show he made that allegation in his complaint and this court did not find that allegation in its review of the complaint. The purpose of the answer is to set out defenses and admit or deny each allegation in the complaint. Fed. R. Civ. P. 8(b). Defendant Sahota was not required to address an allegation plaintiff did not make.

In their opposition to the motion for sanctions, defendants argue that plaintiff should be sanctioned under Rule 11 for bringing a frivolous motion. While the court finds plaintiff's motion lacks a demonstrable factual basis, this court is cognizant of the fact that plaintiff is a pro se inmate without legal experience. At this juncture, this court will not sanction plaintiff. However, plaintiff is warned that filing frivolous motions may result in the imposition of sanctions in the future.

**MOTION TO STRIKE**

Plaintiff next moves to strike defendants' assertion of a qualified immunity defense. This motion is premature. Qualified immunity is a legal question that should be addressed when the

////

court reaches the merits of this case either on a motion for summary judgment or at trial. There is no basis upon which to consider the validity of defendants' defenses at this time.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motions for sanctions and to strike (ECF No. 64) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/lear2099.sanctions