UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR, | No. 2:18-cv-3099 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| PREETRANJAN SAHOTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On screening plaintiff's complaint, this court found plaintiff alleged the following claims: (1) deliberate indifference to his medical needs for the failure of defendants Sahota, Buckman, and Uddin to provide plaintiff accommodations, including a walker and wheelchair, for his mobility problems; (2) excessive force against defendants Vela, Cross, Porter, and Adivincula; and (3) violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") against defendant California State Prison-Sacramento ("CSP-Sac"). (See ECF No. 10.) Before the court is the motion to compel responses to interrogatories of defendant Sahota. Plaintiff did not file an opposition to the motion. For the reasons set forth below, this court grants defendant Sahota's motion in part.

////

////

# MOTION TO COMPEL

## I. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and

2

the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Analysis**

Defendant Sahota served plaintiff with interrogatories on July 6, 2020. On August 31, plaintiff served timely responses. Sahota challenges plaintiff's responses to five interrogatories. Each is addressed below.

**INTERROGATORY NO. 1**

> With respect to each defendant and by reference to each defendant separately, state all facts which support your contention that defendants acted with deliberate indifference towards you as alleged in your COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 1**

> Objection. You are not represented by defendants attorney and I will only supply you with answers about claims against you. This is responsive to all your interrogatories requesting such information.

To establish the relevance of this interrogatory, Sahota argues only that plaintiff alleges claims that "defendant Sahota and other defendants acted with deliberate indifference toward him." However, Sahota's interrogatory seeks information about all defendants. Sahota does not explain how information regarding plaintiff's allegations of excessive force, which resulted in injury to plaintiff's arms and shoulder, would be relevant to plaintiff's mobility-related claims against herself, Buckman, Uddin, and CSP-Sac.

Plaintiff's objection recognizes the relevance of Sahota's interrogatory with respect to his claims against Sahota, but fails to provide Sahota with any information. Because this court finds Sahota's interrogatory seeks information relevant to plaintiff's claims for deliberate indifference to his mobility issues and for violations of the ADA and RA, this court will order plaintiff to respond to Interrogatory No. 1 as so limited.

**INTERROGATORY NO. 2**

> With respect to each defendant and by reference to each defendant separately, describe in detail all of the damages that you claim to have suffered as a result of defendant's alleged wrongful conduct described in your COMPLAINT.

3

**RESPONSE TO INTERROGATORY NO. 2**

> Objection. See my answers to your request for admission. As you state you were not involved in care other gave so you must be more specific. See my response to your request for admission #9.

Sahota argues that "[p]laintiff asserted no valid objection to this interrogatory. Plaintiff should be capable of identifying his own damages." This court finds Interrogatory No. 2 seeks evidence relevant to plaintiff's claim against Sahota. In order to defend against plaintiff's claims against her, Sahota is entitled to know just what damages plaintiff claims to have suffered from the actions of each defendant. The fact that Sahota may be alleging she was not involved in the care provided to plaintiff by other defendants does not change the fact that plaintiff may be alleging more than one defendant is responsible for certain of his damages. This court will grant Sahota's motion to compel a response to Interrogatory No. 2.

**INTERROGATORY NO. 6**

> Describe in detail all of the damages that you claim to have suffered as a result of Defendant Sahota's alleged wrongful conduct described in your COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 6**

> Objection. Vague, ambiguous. Amongst other things I have a torn rotator cuff, had to wait until 2.14.20 to do spinal fusion, had bad results. I can not know "all" of Sahota's bad acts but would love to answer each when you provide honest and detailed answers to my requests to you and clarify exactly what you did and didn't do so court can judge both claims with all knowable and relevant facts.

Interrogatory No. 6 seeks the same information sought by Interrogatory No. 2. Sahota is entitled to know what damages plaintiff attributes to her conduct. Plaintiff should answer this interrogatory to the best of his ability at this point. By alleging claims against Sahota in his complaint, plaintiff necessarily felt that Sahota had caused him some injury. If necessary, he may qualify his response by showing specifically what additional information he requires from Sahota, or from the other defendants, to demonstrate the damages caused by Sahota.

////

////

////

**INTERROGATORY NO. 7**

> Describe in detail (including the date(s), nature and substance) each and every communication between you and anyone (including Defendant Sahota) relating to the subject matter of any of the claims you are asserting against Defendant Sahota in your COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 7**

> Objection. Vague ambiguous. I don't understand. Sahota has complete and absolute access to my records. I can not answer this interrogatory. I do have CDCR 22's which I don't thinks in my file?

Sahota points out that she is not requesting documents by propounding this interrogatory. Rather, she is seeking plaintiff's description of all communications he has had regarding his claims against Sahota. This information is relevant to allow Sahota to prepare to defend against plaintiff's claims.

**INTERROGATORY NO. 11**

> Identify completely and with specificity sufficient to command their production, (including, but not limited to, title, author, date and substance) all documents that evidence or otherwise serve as a basis for your claims against Defendant Sahota as alleged in your COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11**

> Objection. Sahota has yet to produce any documents. I'll need them to reply to this request. See response #10. Sahota is "hidding" documents refusing to produce them but requesting documents she may have.

Again, Sahota is entitled to know what documents plaintiff relies on to support his claims against her. Plaintiff must respond to the best of his ability. Plaintiff is certainly aware of some documents at this point. For example, plaintiff should identify the grievance(s) he filed alleging misconduct by Sahota. If plaintiff does not yet know the identification of all responsive documents because he is seeking them through discovery from defendants, he may point that out in his response.

////

////

**III. Conclusion**

For the foregoing reasons, and good cause appearing, this court will grant, in part, defendant Sahota's motion to compel. Plaintiff is warned that if he fails to file timely and appropriate responses to Sahota's interrogatories, he may suffer sanctions. First, defendant Sahota has the right to move the court for an order requiring plaintiff to pay Sahota the reasonable expenses incurred by Sahota in making this motion to compel discovery, and any further motions related to plaintiff's failure to respond to discovery. See Fed. R. Civ. P. 37(a)(5)(A). Second, if plaintiff fails to comply with this court's order granting the motion to compel, this court may recommend dismissal of this action. See Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(b)(2)(A); E.D. Cal. R. 110.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant Sahota's Motion to Compel (ECF No. 75) is granted in part as follows.

2. Within thirty days of the filed date of this order, plaintiff shall serve the following responses to the interrogatories propounded on July 2, 2020:

   a. A response to Interrogatory No. 1 that covers all information relevant to plaintiff's claims for deliberate indifference to his mobility issues and for violations of the ADA and RA;

   b. Full responses to Interrogatory Nos. 2, 6, 7, and 11.

3. Plaintiff is warned that his failure to serve complete and timely responses to Sahota's interrogatories as set forth in this order may result in the imposition of sanctions.

Dated: November 17, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/lear3099.sahota mtc