1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODERICK WILLIAM LEAR,                      No.  2:18-cv-3099 MCE DB P

12                   Plaintiff,

13          v.                                   ORDER

14   PREETRANJAN SAHOTA, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  On screening plaintiff's complaint, this court found plaintiff alleged the following claims:

19   (1) deliberate indifference to his medical needs for the failure of defendants Sahota, Buckman,

20   and Uddin to provide plaintiff accommodations, including a walker and wheelchair, for his

21   mobility problems; (2) excessive force against defendants Vela, Cross, Porter, and Advincula; and

22   (3) violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA")

23   against defendant California State Prison-Sacramento ("CSP-Sac").  (See ECF No. 10.)  Before

24   the court are plaintiff's motions to compel and to appoint counsel.  (ECF Nos. 76.)  For the

25   reasons set forth below, this court will grant in part plaintiff's motion to compel further responses

26   from defendants Vela, Cross, Advincula, Porter, Uddin, Buckman, and CSP-Sac; grant in part

27   plaintiff's motion to compel further responses from defendant Sahota; and deny plaintiff's motion

28   for appointment of counsel.

1

**MOTION TO COMPEL**

## I. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and

the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07cv200

JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## II.  Analysis

Plaintiff filed the present motion to compel on October 9, 2020.  (ECF No. 76).

Defendant Sahota filed an opposition on October 28.  (ECF No. 78.)  Defendants Vela, Cross,

Advincula, Porter, Uddin, Buckman, and CSP-Sac, who are represented by separate counsel, filed

an opposition on November 3.  (ECF No. 81.)  Plaintiff challenges a number of defendants'

responses.  Plaintiff's challenges to responses from defendants Vela, Cross, Advincula, Porter,

Uddin, Buckman, and CSP-Sac are addressed in the following section.  Plaintiff's challenges to

responses from defendant Sahota are addressed thereafter.

### A.  Motion to Compel Discovery Responses from Defendants Advincula, Cross, Porter, Uddin, Vela, Buckman, and CSP-Sac

**Request for Production No. 1**

> Video of all camera footage showing plaintiff walking on C Facility
> sitting or laying in the breezeway, walking into the ZZ cell hallway
> or any other footage of plaintiff from 6.7.18 and 6.8.18.

**Response to Request for Production No. 1**

> Defendants object to this request on the grounds that it is vague,
> ambiguous, unduly burdensome, irrelevant to the claims and
> defenses in this action, not proportional to the needs of the case.
> Without waiving the objections, defendants have no video footage
> responsive to this request in their custody or control.  Defendants
> believe that at one point CSP-Sac did possess video footage.  The
> institution can no longer locate it despite a diligent search.
> Defendants presume the footage has either been misplaced or
> inadvertently deleted.

(ECF No. 76 at 10.)

Plaintiff seeks the video footage to support his excessive force claim.  He contends it is

"highly likely" defendants and/or their attorneys destroyed the video footage to prevent it from

being discovered in this case.  Plaintiff argues that he has repeatedly requested the video footage

since shortly after the incident and defendants knew it was relevant.  (See ECF No. 76 at 10-11.)

Defendants simply reiterate their contention that they have diligently sought the video footage

and have been unable to locate it.  (See ECF No. 81 at 3.)

This court agrees that plaintiff is entitled to seek an explanation for the destruction of the video footage.  Defendants do not refute plaintiff's contentions that the footage is relevant or that plaintiff has repeatedly sought the video footage since he filed this suit shortly after the incident on June 8, 2018.  Plaintiff may have the right to seek sanctions if he can show: "(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery."  Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 509 (D. Md. 2009) (quoting Thompson v. U.S. Dept. of Housing and Urban Dev., 219 F.R.D. 93, 101 (D. Md. 2003)); see also Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 520-21 (D. Md. 2010); In re Napster, Inc. Copyright Litig., 462 F.Supp.2d 1060, 1070–78 (N.D. Cal. 2006).

Accordingly, this court will grant plaintiff's motion to compel a further response to Request for Production No. 1.

**Request for Production No. 2**

> Video footage from all C Facility cameras showing what yard area[]s, angles, structures or pathways were able to observe on 6.7.18 and 6.8.18.

**Response to Request for Production No. 2**

> Defendants object to this request on the grounds that it is vague, ambiguous, unduly burdensome, irrelevant to the claims and defenses in this action, not proportional to the needs of the case. Without waiving the objections, defendants have no video footage responsive to this request in their custody or control.  Defendants believe that at one point CSP-Sac did possess video footage.  The institution can no longer locate it despite a diligent search. Defendants presume the footage has either been misplaced or inadvertently deleted.

(ECF No. 76 at 11.)

Plaintiff's argues that he requires this information to show just what the missing video footage would have captured.  (See ECF No. 76 at 11-12.)  However, again, defendants make no attempt to challenge plaintiff's assertions.  (See ECF No. 81 at 3.)  Plaintiff is not seeking video footage from the June 2018 dates.  Rather, he is seeking any video footage that would show the areas that the missing June 8, 2018 video would have shown.  Defendants make no attempt to

1  explain why such video footage is unavailable.  They will be required to provide further

2  explanation.

3        **Request for Production No. 3**

4              All documents that mention or construe any staff assignment,
              notices, confidential appeal inquiries, e-mails, interview statements,
5              interview directives, assessments of all inmate appeals filed by
              plaintiff in 2018, while he was incarcerated at CSP-Sac.  This should
6              include but is not limited to all appeal reports compiled by defendants
              concerning defendants or plaintiff's allegations against  CSP-Sac and
7              defendants.   It should be noted that these documents were not
              attached to plaintiff's appeals and at all times he was told staff
8              inquiries and confidential inquiries etc. will not be shared with him.

9        **Response to Request for Production No. 3**

10             Defendants object to this request on the grounds that it is compound,
              does not describe with reasonable particularity a category of
11             documents to be produced, seeks inadmissible character evidence,
              vague, ambiguous, unduly burdensome, irrelevant to the claims and
12             defenses in this action, not proportional to the needs of the case.
              Defendants object to this request to the extent it calls for confidential
13             documents and/or documents contained in defendants' personnel
              files.  Such documents are protected by official information privilege
14             and California Evidence Code section 1040.   To the extent this
              request seeks non-confidential portions of plaintiff's inmate appeals,
15             and/or incident or rules violation report documents, defendants
              object that these documents are contained within plaintiff's central
16             file and, therefore, are equally available to him.  Without waiving
              objections, defendants produce the non-confidential portions of
17             plaintiff's inmate appeal records submitted between June 7, 2018 and
              November 30, 2018.

18

19  (ECF No. 76 at 12-13.)

20        This court agrees with defendants that plaintiff's request is too broad and, in some

21  respects, vague.  Plaintiff does little to remedy those problems in his argument in support of his

22  motion.  (See ECF No. 76 at 13-14.)  However, in their argument in opposition to plaintiff's

23  motion, defendants recognize that plaintiff is seeking documents that may contain information

24  regarding his appeals.  Because such information is relevant to plaintiff's claims that defendants

25  had knowledge of his physical disabilities, among other things, this court considers plaintiff's

26  motion to compel responses to that request.

27  ////

28  ////

1    Defendants cite three state regulations regarding the release of confidential information.

2    See Cal. Code Regs. tit. 15, §§ 3048.9,[1] 3321(a), 3450(d) & (e).  However, in §1983 cases,

3    federal law, not state law, applies to resolve the question of privileges.  See Kerr v. U.S. Dist.

4    Court for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd,426 U.S. 394 (1976);

5    Bryant v. Armstrong, 285 F.R.D. 596, 604 (S.D. Cal. 2012).  This rule applies to the discovery of

6    personnel files, despite claims of state-created privileges.  Miller v. Pancucci, 141 F.R.D. 292,

7    297 (C.D. Cal. 1992).

8    Federal common law recognizes a qualified privilege for official information.  See Kerr,

9    511 F.2d at 197-98.  To determine whether the official information privilege applies, the court

10   must balance the interests of the party seeking discovery and the interests of the government

11   entity asserting the privilege.  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  In

12   the context of civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor

13   of disclosure.'"  Bryant, 285 F.R.D. at 596 (quoting Kelly v. City of San Jose, 114 F.R.D. 653,

14   661 (N.D. Cal. 1987)).

15   The first problem with defendants' assertion of the privilege is that they failed to provide a

16   privilege log.  "The asserting party, as in any case where a privilege is claimed, must sufficiently

17   identify the documents so as to afford the requesting party an opportunity to challenge the

18   assertion of privilege."  Miller, 141 F.R.D. at 300.  Pursuant to Federal Rule of Civil Procedure

19   26(b)(5)(A):

20
      When a party withholds information otherwise discoverable by
21    claiming that the information is privileged or subject to protection as
      trial-preparation material, the party must:

22    (i) expressly make the claim; and

23    (ii) describe the nature of the documents, communications, or
24    tangible things not produced or disclosed – and do so in a
      manner that, without revealing information itself privileged
25    or protected, will enable other parties to assess the claim.

26   [1] Section 3084.9 has been repealed and, in any event, was part of a section of the regulations
     dealing with inmate sexual safety.  See Cal. Code Regs. tit. 15, § 3084, et seq. (repealed).  Section
27   3048.9, which defendants cite in the following sentence (see ECF No. 81 at 10) does not exist.  It
     is unclear why defendants feel section 3084.9 supports their contention that state law prevents
28   them from releasing information responsive to plaintiff's request.

The advisory committee notes to Rule 26(b)(5) make clear that withholding otherwise discoverable materials on the basis that they are privileged without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim "may be viewed as a waiver of the privilege or protection."  Fed. R. Civ. Pro. 26(b)(5) Advisory Committee's Comment.  The comments also indicate that if it appears complying with the privilege log requirements presents an undue burden, a party may seek relief through a protective order.  Id.  While defendants request a protective order if this court orders disclosure of confidential documents that, after in camera review, are discoverable, they do no show why creating a privilege log would be unduly burdensome.

Nonetheless, the Ninth Circuit has "reject[ed] a per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit."  Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005).  Instead, the Ninth Circuit has instructed courts to look at the following factors in determining whether a waiver has occurred: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged;" (2) "the timeliness of the objection and accompanying information about the withheld documents;" (3) "the magnitude of the document production;" and (4) "other particular circumstances of the litigation that make responding to discovery unusually easy...or unusually hard."  Id.  In evaluating these factors, the court is directed to apply them "in the context of a holistic reasonableness analysis" and not in a "mechanistic determination of whether the information is provided in a particular format."  Id. (emphasis added).

Here, the balance of the Burlington factors weighs in favor of finding that defendants have waived the assertion of this privilege.  As to the first factor, neither defendants' objections to plaintiff's discovery request nor their opposition to the instant motion give sufficient details regarding the responsive documents or the basis for any assertion of privilege.  As to the second and third factors, defendants provide the court with no indication as to the magnitude of the document production.  Finally, though litigation involving a pro se prisoner carries with it some

////

7

1  obstacles, there is no cognizable reason why defendants were unable to provide a privilege log in

2  response to the valid portions of plaintiff's request.

3  The second problem with defendants' assertion of privilege is that this court's duty to

4  balance the parties' interests is only triggered after the party opposing disclosure makes a

5  "substantial threshold showing." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 669).

6  The party opposing disclosure "must submit a declaration or affidavit from a responsible official

7  with personal knowledge of the matters to be attested to in the affidavit." Id.; see also Stevenson

8  v. Blake, No. 11–103 LAB (WVG), 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012). The

9  declaration must include: "(1) an affirmation that the agency has maintained the confidentiality of

10 the documents at issue; (2) a statement that the official has personally reviewed the documents;

11 (3) a specific identification of the governmental or privacy interests that would be compromised

12 by production; (4) a description of how disclosure subject to a carefully crafted protective order

13 would create a substantial risk of harm to these interests; and (5) a projection of how much harm

14 would be done to these interests if disclosure were made." Id. (citing Kelly, 114 F.R.D. at 670).

15 If the objecting party does not meet the requirements for invoking the privilege, a court will

16 typically overrule the privilege objection and order full disclosure. Bryant, 285 F.R.D. at 605

17 (citing cases).

18 Here, defendants have not attempted to meet any of these requirements for an assertion of

19 the official information privilege. They simply state that their "objections to the production of

20 confidential use of force documents are valid because disclosure, would undermine the efficacy

21 of the use-of-force-review process" without explaining why that is so. Defendants then argue that

22 "[d]isclosure of such documents also could violate the privacy interests of the involved inmate,

23 and inmates could use any sensitive information disclosed in the report to target or manipulate

24 staff involved in an investigation." Because the privacy interests here are plaintiff's and he seeks

25 those documents, that objection holds no sway. Further, the assertion that plaintiff may target or

26 manipulate staff is completely speculative and extremely unlikely since plaintiff is no longer

27 incarcerated at CSP-Sac. That said, this court recognizes that plaintiff's document request was

28 vague and overbroad.

Accordingly, defendants will be provided an opportunity to appropriately assert the privilege with respect to plaintiff's request for any documents regarding the appeals he filed in 2018 while incarcerated at CSP-Sac.

**Request for Production No. 4**

> All documents concerning ZZ cells[,] ZZ cell logs, observing and documenting inmates behavior in the ZZ cell, documenting inmates location as being in the ZZ cell [], out counting inmates in the ZZ cell and how this is to be done and by whom.

**Response to Request for Production No. 4**

> Defendants object to this request on the grounds that it is compound, does not describe with reasonable particularity a category of documents to be produced, vague, ambiguous, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of the case. Defendants further object to this request to the extent the documents requested are contained within the title 15 or non-confidential portions of the Department Operations Manual (DOM) that are equally available to plaintiff at his law library. Without waiving the objections, defendants produce the attached temporary holding cell logs for June 7-8, 2018.

(ECF No. 76 at 14-15.)

Plaintiff identifies the ZZ cells as cells designed for suicide and contraband watch. Apparently, he was placed in a ZZ cell after the incident which he alleges involved excessive force. (ECF No. 76 at 15.) It is unclear to this court why the information plaintiff seeks is relevant to the claims upon which this case is proceeding. In the screening order, this found plaintiff stated the following claims: (1) deliberate indifference to his serious medical needs when defendants Sahota, Uddin, and Buckman failed to provide him with accommodations to address his mobility problems; (2) excessive force against defendants Vela, Cross, Porter, and Advincula when they forced plaintiff to the ground, struck him in the face, and forced his left arm behind his back to place him in handcuffs; and (3) violations of the ADA and RA for the failure of CSP-Sac to provide plaintiff appropriate housing and other accommodations for his mobility problems. Further, this court found plaintiff did not state a claim for retaliation, among other things. (ECF No. 10.) After the court issued its screening order, plaintiff was given the opportunity of proceeding on the claims in his complaint found cognizable or filing an amended complaint. (See id. at 17-19.)

1    Plaintiff elected to proceed on the cognizable claims and the remaining claims and

2    defendants were dismissed from this action.  (See ECF Nos. 16, 17, 19.)

3    Because this court finds the information plaintiff seeks regarding the ZZ cells at CSP-Sac

4    would not lead to the discovery of evidence relevant to his claims, plaintiff's motion to compel a

5    further response to Request for Production No. 4 will be denied.

6    **Request for Production No. 9**

7    
8    > All documents, charts, graphs videos and photos of C Facility A sections steps, yard area ZZ cells, holding cages, sally port, breezeway, cyclone fence and patio.

9    **Response to Request for Production No. 9**

10   
11   
12   
13   > Defendants object to this request on the grounds that it seeks confidential documents the disclosure of which would create a safety and security risk; is protected from disclosure by safety and security concerns; the request is compound, vague, ambiguous, unduly burdensome, irrelevant to the claims and defenses in this action and not proportional to the needs of this case.

14   (ECF No. 76 at 16.)

15   Plaintiff makes a number of arguments regarding the relevance of this evidence, including

16   to support his claims against defendant Whaley.  However, defendant Whaley was dismissed

17   from this action so any complaints plaintiff has regarding Whaley's conduct are not relevant

18   herein.  Plaintiff does demonstrate that he requires information regarding the layout of certain

19   areas and the presence and height of stairs to show what he was required to negotiate despite his

20   mobility problems and just where those incidents, and the excessive force incident, occurred.

21   Defendants argue only that the disclosure of the documents sought, in particular those documents

22   showing the layout of the prison facility, "would endanger the safety of inmates and CDCR

23   employees, and would jeopardize the security of correctional facilities."

24   This court does not find a layout of the entire prison is necessary to support plaintiff's

25   claims and defendants do not explain why the limited information this court finds relevant would

26   be a security risk.  Further, defendants make no attempt to explain why a protective order would

27   not sufficiently protect this information from public disclosure.  Defendants will be ordered to

28   provide plaintiff with any documents showing the steps, yard area, sally port, breezeway, and

10

1   patio in C Facility, A section, that relate to the claims in plaintiff's complaint.  This court accepts

2   that a protective order may be wise to protect these documents from public disclosure.  However,

3   this court does not accept defendants' limitation of these documents to plaintiff's viewing only.

4   Plaintiff should be permitted to not only review but also, if necessary, use these documents in

5   opposing a motion for summary judgment or making his case at trial.

6          Defendants shall propose a new protective order that allows plaintiff to obtain copies of

7   these documents while limiting their disclosure in any public filing or proceeding.

8          **Request for Production No. 10**

9              All documents prepared for or by RN Linggi concerning Lears HC
               appeals, mobility, DME's and ADL's that Linggi was instructed to
10             review, evaluate, and all assessments Linggi made in relation to these
               matters.  This request should include but is not limited to staff
11             assignment notices, confidential appeal inquiries, appeals
               department documents, notices and directives prepared for or by RN
12             Linggi or accepting or rejecting her findings and recommendations
               about plaintiff's DMEd's, DPP, ADL's, 1824 responses and any
13             other medical issue.

14         **Response to Request for Production No. 10**

15             Defendants object to this request on the grounds that it is compound,
               does not describe with reasonable particularity a category of
16             documents to be produced, vague, ambiguous, unduly burdensome,
               irrelevant to the claims and defenses in this action, and not
17             proportional to the needs of the case.  Defendants further object to
               his request to the extent that it calls for confidential documents and/or
18             documents protected by the official information privilege and
               California Evidence Code 1040.  To the extent that this request seeks
19             plaintiff's inmate appeals and/or 1824 reasonable accommodation
               requests, defendants object that these documents are contained
20             within plaintiff's central file and, therefore, are equally available to
               him.  Without waiving these objections, defendants produce non-
21             confidential portions of the inmate appeals that he submitted between
               June 7, 2018 and November 30, 108 and the emails records with third
22             party and personal information redacted.

23   (ECF No. 76 at 17-18.)

24         Plaintiff argues that RN Linggi interviewed plaintiff in response to his appeal to "see if he

25   had a disability and if it was being accommodated at CSP-Sac."  (ECF No. 76 at 19.)  Again,

26   defendants fail to support their "official information privilege" assertion with a privilege log or

27   any substantive argument.  Nor does the court find merit to defendants' other objections.  In fact,

28   it does not appear that defendants address this request in their opposition brief.  This court finds

                                                    11

1    the documents plaintiff seeks relevant to his Eighth Amendment medical claim and claim for

2    violation of the ADA and RA.  Plaintiff's motion will be granted with respect to Request for

3    Production No. 10.

4        **Request for Production No. 11**

5            All documents which mention or construe the use of force on plaintiff
         on 6.8.18.  This request should include but is not limited to D.A.
6         referral, incident packs, audits, investigations, clarifications, any
         portion of the RVR not given to plaintiff, confidential appeal
7         inquiries, written reports, notice given to plaintiff, video interviews,
         or any other documents or electronically stored material in
8         defendants' possession.

9        **Response to Request for Production No. 11**

10           Defendants object to this request on the grounds that it is compound,
         vague, ambiguous, unduly burdensome, irrelevant to the claims and
11        defenses in this action, and not proportional to the needs of the case.
         Defendants further object to his request to the extent that it calls for
12        confidential documents and/or documents protected by the official
         information privilege and California Evidence Code 1040.  To the
13        extent that this request seeks portions of plaintiff's inmate appeals
         and/or incident or rules violation report documents, defendants
14        object that these documents are contained within plaintiff's central
         file and, therefore, are equally available to him.  Without waiving
15        these objections, defendants produce the non-confidential portions of
         the inmate appeals that he submitted between June 7, 2018 and
16        November 30, 2018, incident, and rules violation report documents
         for June 8, 2018 and will provide access to plaintiff's use of force
17        interview video through litigation coordinator at his institution.

18   (ECF No. 76 at 20.)

19       Defendants again fail to support their assertion of an "official information privilege" with

20   a privilege log or any attempt to meet the requirements set out in Soto and Kelly.  This court finds

21   no merit to defendants' other objections.  This court finds the documents plaintiff seeks relevant

22   to his excessive force claim and, on balance, discoverable.  See Grigsby v. Munguia, No. 2:14-cv-

23   0789-GEB-AC-P, 2016 WL 900197, at *4 (E.D. Cal. Mar. 9, 2016) (information uncovered

24   during an investigation of plaintiff's excessive force claim is discoverable), mot. for recon.

25   granted in part, 2016 WL 1461614, at *1 (E.D. Cal. Apr. 14, 2016) (requiring CDCR

26   investigative report to be reviewed in camera before being provided to plaintiff); Tabarez v.

27   Butler, No. Civ-S-0360-LKK-EFB-P, 2010 WL 55669, at *1 (E.D. Cal. Jan. 5, 2010) (court

28   grants discovery "for the limited purpose of allowing plaintiff to subpoena from the custodian of

1    records, documents pertaining to 'any internal affairs investigations that took place following the

2    riot, as well as any memos or other correspondence pertaining to any breach of policy or use of

3    excessive force'"); <u>Parks v. Tait</u>, No. 08-CV-1031-H JMA, 2009 WL 4730907, at *6 (E.D. Cal.

4    Dec. 7, 2009) (investigative reports regarding plaintiff's excessive force allegations are

5    discoverable).

6            Plaintiff's motion will be granted with respect to Request for Production No. 11.

7            **Document Production Request No. 12**

8                    All documents pertaining to plaintiff's bed assignment on 6.7.18 and
        6.8.18 including but not limited to all 154's, housing log's, court
9                    slips, out count slips, e-mails or any other document in defendants
        possession which mention or construe in any way plaintiff's housing
10                   location. This request should include but is not limited (to) all times
        plaintiff was counted, when they were documented or logged and all
11                   documents identifying the name and title of each officer that claims
        to have counted plaintiff on 6.7.18 and 6.8.18 and each signed count
12                   slip.

13           **Response to Document Production Request No. 12**

14                   Defendants object to this request on the grounds that it is compound,
        vague, ambiguous, unduly burdensome, irrelevant to the claims and
15                   defenses in this action, and not proportional to the needs of the case.
        To the extent this request seeks plaintiff's housing history,
16                   defendants object that these documents are contained within
        plaintiff's central file and, therefore, are equally available to him.
17                   Without waving the objections, defendants produce copies of
        plaintiff's movement.

18

19   (ECF No. 76 at 23.)

20           Plaintiff's argument is somewhat unclear. He appears to be attempting to show that

21   defendants falsified records regarding his housing assignment. However, plaintiff also states that

22   defendants provided him with a bed assignment notice showing he was housed in cell C2-104 and

23   now contend plaintiff was not housed there during the relevant time. Defendants state that they

24   produced plaintiff's "CDCR movement history, including his bed assignments for the relevant

25   period."

26           It is not clear to this court how the documents plaintiff seeks are relevant to his claims.

27   Plaintiff appears to be seeking to establish a new claim of falsifying records. However, falsifying

28   records is not a constitutional claim in a § 1983 action. See <u>Luster v. Amezcua</u>, No. 1:16-cv-

0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).  Further, the issue in

plaintiff's excessive force claim is whether defendants used unnecessary and excessive force

while transporting plaintiff.  Whether or not plaintiff feels defendants were justified in moving

him is not relevant.  The question is whether they were justified in using the force they did.  This

court is unable to discern how plaintiff's housing assignments are relevant to this claim and, as

stated above, plaintiff does not show his placement in ZZ cell is at issue herein.

Plaintiff's motion to compel further production of documents in response to Request No.

12 will be denied.

**Request for Production No. 16**

> All documents which mention or construe the exact reasons K. Porter
> announced a "resistive inmate" code at 0820 on 6.8.18 and any
> documents which questions, explains or asks for clarification of (sic)
> Porter why she announced this specific code, if she later believed
> plaintiff was not resistive but was assaultive or questions and
> explains her decision making process in any way regarding this code.

**Response to Request for Production No. 16**

> Defendants object to this request on the grounds that it is compound,
> vague, ambiguous, unduly burdensome, irrelevant to the claims and
> defenses in this action, and not proportional to the needs of the case.
> Defendants object to the request to the extent that it calls for
> confidential documents that can-not be disclosed to inmates.
> Without waiving the objections, defendants produced the incident
> and rules violation report for June 8, 2018.

(ECF No. 76 at 25.)

Plaintiff contends that after defendants used excessive force, they falsely claimed plaintiff

had injured Officer Burke during the incident.  Plaintiff seeks any documents showing why Porter

identified the incident as a "resistive" inmate rather than an "assaultive" one.  This information

could be relevant to plaintiff's contention that defendants did not need to use the force they did to

cuff him.  Besides their boilerplate objections, defendants do not explain how any responsive

documents are confidential or identify what other documents may be responsive to plaintiff's

request but were not provided.

Plaintiff's motion to compel a further response to Request No. 16 will be granted.

////

14

**Request for Production No. 17**

> All documents in defendants' possession which mention or construe how Jake Burke sustained his injury on 6.8.18. This should include all incident reports, workers' rights claims, on the job injury reports, ISUs, IGI reports, use of force reports, hospital reports, xrays, MRIs,or any other report which mentions or construe how Burke claims he received his injury on 6.8.18.

**Response to Request for Production No. 17**

> Defendants object to this request on the grounds it seeks documents that would violate at third party's right to privacy, compound, vague, ambiguous, unduly burdensome, irrelevant to the claims and defenses in this action, and not proportional to the needs of the case. Defendants further object to this request to the extent it calls for confidential documents and/or documents protected by the official information privilege and California Evidence Code 1040. To the extent this request seeks non-confidential portions of plaintiff's inmate appeals and/or incident or rules violation report documents, defendants object that these documents are contained within plaintiff's central file and, therefore, are equally available to him. Without waiving objections, defendants produce incident and rules violation report documents for June 8, 2018.

(ECF No. 76 at 27.)

Plaintiff argues extensively that the injury to Burke was falsified to create a basis for the defendants to "take down" plaintiff. Defendants do not address this request in their brief. From plaintiff's description of the excessive force incident, any injury to Burke was not a basis for the other defendants to use excessive force to cuff plaintiff. Rather, plaintiff appears to be alleging that the injury to Burke was not apparent at the time and was made up later.

This court previously found plaintiff failed to state a claim regarding the rules violation report, disciplinary hearing, or any other potential claims against defendant Burke and Burke was dismissed from this action. (See ECF No. 10 at 14-16.) This court finds plaintiff does not seek information relevant to his claims in Request No. 17. His motion to compel will be denied.

**Request for Admission No. 7 to Cross**

> You placed plaintiff in the ZZ cell on 6.7.18 to punish him for not walking up the steps as you ordered.

////

////

**Response to Request for Admission No. 7**

> Defendant objects to this request on the grounds that it seeks information that is irrelevant to the claims and defenses in this action; not proportional to the needs of this case; and vague and ambiguous as to "[y]ou placed plaintiff in the 22 cell on 6.7.18 to punish him for not walking up the steps as you ordered." Without waiving the objections, Defendant responds: deny.

(ECF No. 76 at 30; No. 81-1 at 59.)

Plaintiff argues that defendant Cross purposely misread this request as identifying the cell as 22 rather than ZZ. In their opposition, defendant Cross states only that he denies the admission. However, Cross does not explain whether he is denying the admission regarding ZZ cell or regarding cell 22. Cross will be ordered to respond to plaintiff's request for admission regarding ZZ cell.

**Request for Admission No. 19 to Cross**

> You used force on plaintiff on 6.8.18 for the sole purpose of proving to him you could over power him and make him "cuff in the back".

**Response to Request for Admission No. 19**

> Defendant objects to this request on the grounds that it seeks information that is irrelevant to the claims and. defenses in this action; not proportional to the needs of this case; and vague and ambiguous as to "[y]ou used force on plaintiff on 6.8.18 for the sole purpose of proving to him you could over power him and make him cuff in the back." Without waiving the objections, Defendant responds: deny. Defendant did not use force on Plaintiff.

(ECF No. 76 at 32; No. 81-1 at 62-63.)

Plaintiff simply argues the merits of his excessive force claim. That is an issue for a summary judgment motion or trial. Plaintiff's motion to compel a further response from Cross will be denied.

**Request for Admission No. 3 to Advincula**

> Admit plaintiff ob[e]yed your order to step into the (stand-up) cage prior to this incident.

**Response to Request tor Admission No. 3**

> Defendant objects to this request on the grounds that it seeks information that is irrelevant to the claims and defenses in this action and not proportional to the needs of this case; and the phrase,

16

> "plaintiff obeyed your order to step into the (stand-up) case prior to this incident" is vague and ambiguous. Without waiving the objections, Defendant responds: deny.

(ECF No. 76 at 35; No. 81-1 at 84.)

This court finds defendants' continual use of boilerplate objections offensive. Plaintiff is attempting to obtain admissions to facts that are obviously relevant to his case. Moreover, defendants appear to be purposely reading plaintiff's handwriting to make plaintiff's requests appear vague. Plaintiff's request clearly asks whether he obeyed an order to step into a stand-up cage prior to the excessive force incident. Because defendant chooses to "misread" plaintiff's request, he contends it is vague. Thus, his denial is unclear – did he deny the admission using the word "case" or did he deny the admission using the word "cage." Plaintiff was then required to move to compel a further response. In the opposition, defendant Advincula states that he is denying the admission that plaintiff obeyed his order to step into a holding cell.

Plaintiff should not have had to move to compel to obtain this clarity.

**Request for Admission No. 4 to Advincula**

> Admit plaintiff placed his right hand behind his back when he was given the order to cuff up.

**Response To Request For Admission No. 4**

> Defendant objects to this request on the grounds that it seeks information that is irrelevant to the claims and defenses in this action and not proportional to the needs of this case; and the phrase "Admit plaintiff placed his right hand behind his back when he was given the order to cuff up," is vague and ambiguous. Without waiving the objections, Defendant responds: deny.

(ECF No. 76 at 36-37; No. 81-1 at 84.)

This court cannot fathom how defendant found plaintiff's request "vague and ambiguous." Plaintiff asked for a straightforward admission that, obviously, involved the excessive force claim, the only claim stated against defendant Advincula. In any event, because defendant denied the admission and plaintiff simply argues the merits of his claim, this court finds no grounds to order a further response.

////

////

**Interrogatory/Request for Production of Documents No. 1 to CSP-Sac**

> State and describe all "conflicting reports" in defendants possession which CSP-SAC noted on plaintiff's RFS (7.5.18 and 9.25.18), in Sahota's Uddin's and Bobbala's PCP notes and any other CDC and CSP-SAC document contending plaintiff "according to staff report he is able to do things. But patient claims he can not able to do things". Produce and identify each report.

**Response to Interrogatory/Request for Production No. 1**

> Defendant objects to this request on the grounds that it is an interrogatory, and not a request for production of documents under Federal Rule of Civil Procedure 34. Defendant objects that this interrogatory is vague, ambiguous, compound, unduly burdensome, irrelevant to the claims and defenses in this action and not proportional to the needs in this case. Defendant further objects to the extent that this request seeks documents that are equally available to Plaintiff and contained within his Central File or medical records.

(ECF No. 76 at 39-40; No. 81-1 at 132-33.)

Plaintiff describes a note on his "RFS[2]" in which CSP-Sac indicated that there were "conflicting reports" about plaintiff's disability. One of those reports was identified as a "staff report." After the boilerplate objections, defendant further objects on the grounds that, "to the extent that this request seeks documents that are equally available to Plaintiff and contained within his Central File or medical records." Plaintiff argues that he does not have a copy of the staff report referred to in the RFS. Defendant's response does not explain that such a document exists; rather, defendant simply states that if responsive documents are in plaintiff's central file or medical records, they need not be produced.

For the first time, in the opposition brief, defendant states that "all" responsive documents can be found in plaintiff's central or medical files. Again, a defendant required plaintiff to move to compel in order to get a direct response that indicates defendant, in fact, considered whether it had any documents responsive to the request. Plaintiff's argument shows that he does have a report authored by Sahota, Uddin, and Bobbala. Plaintiff fails to provide reason to think CSP-Sac has any other documents responsive to this request.

---

[2] An RFS is a request for services form prepared by a doctor to get approval for medical care that is not available at the prison. The request is reviewed by at least one higher level prison official for a decision.

18

1    Plaintiff's motion to compel a further response will be denied.

2    **Interrogatory/Request for Production of Documents No. 2 to CSP-Sac**

3    Produce and describe the RFS "approved. by Dr. Sahota".  Produce
     all accompanying documents, e.mails, directives, phone logs, smart
4    committee's, internal, head quarters correspondence's, notes, reviews
     and all other documents in your possession which mention or
5    construe Sahota's RFS for plaintiffs surgery.

6    **Response to Interrogatory/Request for Production No. 2**

7    Defendant objects to this request on the grounds that it is an
     interrogatory, and not a request for production of documents under
8    Federal Rule of Civil Procedure 34. Defendant objects that this
     interrogatory is vague, ambiguous, compound, unduly burdensome,
9    irrelevant to the claims and defenses in this action and not
     proportional to the needs in this case. Defendant further objects to
10   the extent that this request seeks documents that are equally available
     to Plaintiff and contained within his Central File or medical records.
11

12   (ECF No. 76 at 41; No. 81-1 at 133.)

13   Plaintiff seeks relevant information regarding his claim against CSP-Sac for violations of

14   the ADA and RA.  Again, defendant's response fails to indicate whether or not the documents

15   sought are, in fact, in plaintiff's central or medical file and, again, defendant states that this is so

16   in its opposition brief.  Plaintiff's motion will be denied because he now has an appropriate

17   response.

18   **Interrogatory/Request for Production of Documents No. 3 to CSP-Sac**

19   State the names and identify of all CSP-SAC staff who contend that
     on 5.7.18 or 5.8.18 plaintiff used a cane but walked with a normal
20   gait.

21   **Response to Interrogatory/Request for Production No. 3**

22   Defendant objects to this request on the grounds that it is vague,
     ambiguous, unduly·burdensome, irrelevant to the claims and
23   defenses in this action and not proportional to the needs in this case
     .. Defendant further objects to the extent that this request seeks
24   documents that are equally available to Plaintiff and contained within
     his Central File or medical records. Without waiving the objections,
25   after a diligent search, Defendant has no information responsive to
     this request.
26

27   (ECF No. 76 at 42-43; No. 81-1 at 133-34.)

28   ////

Because defendant states in its response that a diligent search has been conducted and no documents have been located, there is no basis upon which this court may require defendant to further respond.

**Interrogatory/Request for Production of Documents No. 1 to Vela**

> State what role you played in processing, reviewing, submitting, clarifying, editing, filing (or any other role) plaintiffs RVR for battery on Burke on 6.8.18. This request should include but is not limited to the ASU placement notices each role you played in writing or reviewing individual reports or approving or rejecting reports any role you played in assigning Ross Valine as the reporting employee instead of Burke any role you played in classifying the RVR, back dating Burkes report (if it was back dated) or any other role you played or participated in plaintiffs RVR for battery on J. Burke on 6.8.18. If there any documents responding to this request produce each documents.

**Response to Interrogatory No. 1 to Vela**

> Defendant objects to this request on the grounds that it is an interrogatory, and not a request for production of documents under Federal Rule of Civil Procedure 34. Defendant objects that this interrogatory seeks information that is irrelevant to the claims and defenses in this action; not proportional to the needs of this case; unduly burdensome; compound; vague and ambiguous as to time and content. Defendant objects to this request to the extent that it calls for the production of confidential documents, the disclosure of which would create a safety and security hazard for the institution. Defendant further objects that the non-confidential documents requested are contained within his Central File and, therefore are equally available to him. Without waiving the objections, Defendant responds:

> (1) Other than documenting that Plaintiff will receive a Rule Violation Report (RVR) in the Incident Package (SAC-FAC-18-06-0601) and the Administrative Segregation Unit (ASU) Placement Notice, I had no involvement in the RVR Process. To the best of my knowledge, the only report I reviewed was Sergeant K. Porter's report by signing it as the Reviewer. To the best of my knowledge, I authored a Form 837-C to submit with the incident package. I also prepared the 837-A, 837-A-1, 837-B-1, 837-B-2 Forms, and the ASU Placement notice. After all reports were reviewed and signed by the reviewing Sergeant, I did review all reports in order to prepare the 837-A-1 Form for the Incident Package.

> (2) I do not recall why R. Valine's report was selected as the Reporting Employee (RE) rather than Burke's report.

> (3) I do not recall when Burke's report was received.

(ECF No. 76 at 68; No. 81-1 at 118-19.)

Plaintiff argues his excessive force claim and contends "I do not recall" is not an appropriate answer. He further asks for the production of any relevant documents. In particular, he identifies Burke's report. However, plaintiff states in his argument that he received a copy of Burke's report on November 11, 2018. (See ECF No. 76 at 69.) It is not clear, then, why plaintiff states that he requires Burke's report. Plaintiff's motion to compel a further response will be denied.

**Interrogatory/Request for Production of Documents No. 4 to Vela**

> State why only K. Porter's report admits plaintiff informed officers he could not be cuffed in the back.

**Response to Interrogatory/Request for Production No. 4 to Vela**

> Defendant objects to this request on the grounds that it seeks information that is irrelevant to the claims and defenses in this action; not proportional to the needs of this case; calls for speculation; and vague and ambiguous as to time and content. Without waiving the objections, Defendant responds: I do not recall.

(ECF No. 76 at 65; No. 81-1 at 120.) Plaintiff again argues the merits of his excessive force claim. If Vela does not recall the reason why only Porter's report includes plaintiff's statement, any further response would be futile. Plaintiff's motion to compel Vela to further respond to this request will be denied.

**Interrogatory/Request for Production of Documents No. 8 to Vela**

> State why plaintiff was not allowed to refuse his assigned housing on 6.8.18 and 6.7.18.

**Response to Interrogatory Request for Production No. 8**

> Defendant objects to this request on the grounds that it seeks information that is irrelevant to the claims and defenses in this action and not proportional to the needs of this case; compound and vague, ambiguous as to time and content. Without waiving the objections, Defendant responds: Title 15, Article 46, Inmate Housing Assignments, section 54046.1, a copy of which is available to Plaintiff in his law library.

(ECF No. 76 at 71; No. 81-1 at 123.)

Plaintiff again argues that it is important to his excessive force claim that he had the right to refuse housing and should not have been placed in a ZZ cell. As stated above, this court does

21

1    not find those issues relevant.  The excessive force claim involves the question of whether the

2    force used to handcuff plaintiff was sadistic or malicious.  The fact that plaintiff may or may not

3    have been justified in refusing a new housing assignment is not relevant to that issue.

**B.  Motion to Compel Discovery Responses from Defendant Sahota**

5           Plaintiff moves to compel Sahota to respond to six requests for admissions and, it appears,

6    all the interrogatories he propounded to Sahota.  (See ECF No. 76 at 47-64.)  Plaintiff provides

7    the text of the admissions (Nos. 1, 3, 4, 6, 33 and 37), Sahota's responses, and plaintiff's

8    argument.  However, plaintiff simply lists a number of interrogatories.  He does not include

9    Sahota's responses or any argument, so it is not possible for this court to consider his motion to

10   compel further responses to the interrogatories.

11          Sahota's opposition is very brief.  Sahota states that plaintiff's motion "does not describe

12   his reasoning for deeming Sahota's discovery responses inadequate."  Therefore, Sahota

13   concludes, "it is impossible for Sahota to respond to the merits of this Motion."  Sahota cites only

14   to page 3 of plaintiff's motion.  It appears that Sahota failed to examine plaintiff's filing to see

15   that plaintiff did, in fact, provide argument with respect to Sahota's responses to the requests for

16   admissions.

17          This court agrees with many of plaintiff's arguments.  Sahota's boilerplate objections are

18   unsupported and many are simply inapplicable.  This court fails to see how the following request

19   for an admission is vague - "You determined before 6.4.18 that plaintiff could walk up at least six

20   steps and he could walk long distances on slopes."  (ECF No. 76 at 47.)  Further, as plaintiff

21   points out, Sahota failed to meet the requirement that she assert "lack of knowledge or

22   information as a reason for failing to admit  or deny only if the party states that it has made

23   reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable

24   it to admit or deny."  Fed. R. Civ. P. 36(a)(4).

25          With respect to the allegation that plaintiff failed to properly meet and confer prior to

26   filing this motion, the court's Discovery and Scheduling Order specifically exempts this case

27   from the requirements of Local Rule 251, which includes the meet and confer requirement.  (ECF

28   No. 63 at 5.)

This court recognizes that plaintiff's motion to compel is lengthy and Sahota may have had difficulty finding plaintiff's arguments regarding Sahota's discovery responses, which start on page 47 of plaintiff's 77-page motion.  For this reason, this court will not deem the challenged admission admitted.  However, this court will grant plaintiff's motion to compel further responses to request for admissions nos. 1, 3, 4, 6, 33, and 37.

With respect to the interrogatories, because plaintiff does not provide Sahota's responses, this court is unable to determine their adequacy.  Moreover, plaintiff provides no argument regarding why each response was inadequate.  That said, in recognition of plaintiff's pro se and incarcerated status, and the requirement that this court liberally construe plaintiff's filings, this court will permit plaintiff to renew his motion to compel Sahota to respond to plaintiff's interrogatories.

### MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, this court finds plaintiff has represented himself well.  This court does not find the required exceptional circumstances.

////

////

////

23

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 76) further discovery responses from defendants Vela, Cross, Advincula, Porter, Uddin, Buckman, and CSP-Sac is granted in part and denied in part:

      a. Within thirty days of the date of this order, defendants Vela, Cross, Advincula, Porter, Uddin, Buckman, and CSP-Sac shall provide further responses to plaintiff's requests for production of documents nos. 1, 2, 3, 9, 10, 11, and 16 as set out above.

      b. Within thirty days of the date of this order, defendant Cross shall provide further responses to plaintiff's request for admission no. 7.

      c. In all other respects, plaintiff's motion to compel further responses from defendants Vela, Cross, Advincula, Porter, Uddin, Buckman, and CSP-Sac is denied.

2. Plaintiff's motion to compel (ECF No. 76) further discovery responses from defendant Sahota is granted in part and denied in part:

      a. Within thirty days of the date of this order, defendant Sahota shall provide further responses to request for admissions nos. 1, 3, 4, 6, 33 and 37.

      b. Plaintiff's motion to compel Sahota to provide further responses to interrogatories is denied without prejudice.

3. Within thirty days of the date of this order, plaintiff may file a renewed motion to compel defendant Sahota to submit further responses to the interrogatories propounded by plaintiff. The discovery deadline is continued solely for this purpose.

4. Plaintiff's motion for the appointment of counsel (ECF No. 76) is denied.

Dated: December 16, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/lear3099. lear mtc or